UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY HAMILTON,

Petitioner,

v.

ERIC RARDIN,

Respondent.

Case No. 25-cv-10607

Honorable Robert J. White

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Gregory Hamilton, a federal inmate imprisoned at FCI Milan, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hamilton is serving a 137-month sentence for his Northern District of Ohio conviction of possession with the intent to distribute fentanyl. *See United States v. Hamilton*, No. 1:21-cr-00706, Pet. at PageID.141-43 (ECF No. 5-3). Hamilton claims that the Bureau of Prisons (BOP) miscalculated his sentence by improperly denying him jail time credit and incorrectly classifying him as a prior escapee. The Court disagrees, denies the petition, and dismisses the case.

## I. **Background**

On October 14, 2015, Hamilton was sentenced in the United States District Court for the Northern District of Ohio to serve 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute heroin in Case Number 1:13-cr-345-29 ("2015 Case"). (*See* ECF No. 5-3, PageID.53, 141.)

On February 2, 2022, Hamilton was indicted in the United States District Court for the Northern District of Ohio in Case Number 1:21-cr-706 ("2022 Case") on charges of conspiracy to distribute and possess with intent to distribute controlled substances and possession with intent to distribute fentanyl. (*See id.* at PageID.54, 79-132.) He was transferred to the custody of the United States Marshals Service (USMS) on March 24, 2022. (*See id.* at PageID.54.) While in USMS custody, Hamilton completed serving his federal sentence in the 2015 Case. (*See id.* at PageID.75.) Hamilton remained in federal custody while awaiting sentencing in the 2022 Case. On April 19, 2023, Hamilton was sentenced to a 137-month term of imprisonment for possession with intent to distribute fentanyl, with credit for time served beginning May 10, 2022. (*Id.* at PageID.141-47.)

In his petition, Hamilton contends that the BOP improperly denied him jail credit toward his sentence in the 2022 Case for the time he spent in custody from March 24, 2022 through May 10, 2022. He also contends that the BOP erroneously classified him as a prior escapee.

## II. Discussion

### 1. Exhaustion

Federal inmates ordinarily must exhaust their administrative remedies before filing a petition for a writ of habeas corpus under § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). But § 2241's exhaustion requirement is "not without exception" and is not "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236, 235 (6th Cir. 2006). But here, Hamilton's claims do not warrant habeas corpus relief, and it would be a waste of resources to require exhaustion of administrative remedies. The Court therefore will address the merits of the claims.

### 2. Merits

The calculation of a federal prisoner's sentence is the responsibility of the Attorney General, acting through the BOP. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Claims challenging the manner in which the BOP calculates a prisoner's sentence are properly raised in a petition for a writ of habeas corpus under § 2241 in the district where the petitioner is imprisoned. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A district court may grant § 2241 relief when the BOP miscalculates a sentence. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993).

Under 18 U.S.C. § 3585, a defendant receives credit for a period of presentence incarceration if he was incarcerated "(1) as a result of the offense for

which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b). The United States Supreme Court has made clear that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *Wilson*, 503 U.S. at 334. Rather, the computation is to be made by the Attorney General, through the BOP, after the defendant begins his sentence. *See id*. at 333-335.

Hamilton argues that he is entitled to custody credit for the period from March 24, 2022, when he was arraigned and detained in the 2022 Case, through May 10, 2022, when he completed his sentence in the 2015 Case. The period from March 24 through May 9, 2022, was credited toward his sentence in the 2015 Case. Hamilton began receiving credit toward his sentence in the 2022 Case on May 10, 2022, after his sentence in the 2015 Case expired. Because § 3585(b) prohibits awarding credit for time that has already been credited toward another sentence, Hamilton is not entitled to additional credit against his current sentence. *See Wilson*, 503 U.S. at 337.

Likewise, Hamilton is not entitled to relief on his claim that the BOP improperly classified him as having a history of escape because that claim is moot. His PATTERN score shows "0" history of escapes. (*See* ECF No. 5-2, PageID.51.) Hamilton, therefore, has received the relief he sought, and his claim is moot. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *California Palms Addiction*

*Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) ("[M]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief.") (citation omitted).

## III. <u>Conclusion</u>

The petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is denied, and the case dismissed. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Hamilton need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court grants Hamilton leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

SO ORDERED.

Dated: July 31, 2026

s/Robert J. White
Robert J. White
United States District Judge